HENRY PARR *vs.* STEPHEN GIBBONS, by his next friend, E. GIBBONS.

Where a father placed a slave in the possession of his married daughter, and took her note, expressing, upon its face, that it was given for the hire of the slave; and the daughter afterwards died, leaving a child, in whose name, as her heir, a suit was afterwards brought against its grandfather for the recovery of the slave, upon the alleged ground that the slave had been given to its mother; and the mother's note, being offered in evidence by the defendant, was excluded by the court below; *held*, that this was error.

Where a married woman, at the time of receiving a slave, or before or

Parr *v.* Gibbons.

afterwards executes her note for hire, or does any other act in relation to the property, such act is evidence to show and explain the nature of her title, and her understanding of the transaction, and is admissible as testimony against her and her heirs.

In error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

This was an action of detinue, instituted in the circuit court of Monroe county, by defendant in error against the plaintiff in error, to recover a negro girl valued at $500, and to the declaration the plaintiff in error plead *non detinet.* At the April term, 1849, of said court, the cause was tried, and the jury found a verdict in favor of defendant in error, and assessed the value of said girl at $500, and damages for detention, $150. The plaintiff in error moved the court to set aside the verdict and grant a new trial, which was overruled by the court, from which decision, the plaintiff, Gibbons, prayed a writ of error.

*Coopwood & Dowd,* for plaintiff in error, filed a long written argument for Parr.

*Harris & Harrison,* for plaintiff in error.

A verbal gift of personal property without delivery, does not pass title. 2 Leigh, 337; 12 Ib. 155.

There must be a deed or instrument of gift, or actual delivery of the thing to the donee. 2 Barn. & Ald. 551; *Howe's case,* Noy's R. 67; 7 Harris. & John. R. 257.

A mere declaration by one that he would give or had given a chattel to another, when it is shown that the donor or owner never parted with the possession or control of it, would not be sufficient to establish a title by gift.

It is the act of delivery, accompanied with the intention to give, that perfects a parol gift. *Guild* v. *Guild et al.,* 16 Ala. R. 121; *Sims* v. *Sims,* 2 Ib. 117; *Sewall* v. *Glidden,* 1 Ib. 52.

It has been held in numerous cases, English and American, that actual delivery of personal property "is essential to a good gift." See *Ward* v. *Turner,* 2 Ves. sen. 431 – 442; Prec. in Ch. 300; 2 Eng. Com. L. R. 81; *Duffield* v. *Elwes,* 1 Sim. &

Stu. 239; *Drury* v. *Smith*, 1 Pr. Wms. 404; *Snellgrove* v. *Baily*, 3 Atk. 214; *Cottern* v. *Missing*, 1 Madd. Ch. R. 176; *Bunn* v. *Markham*, 7 Taunt. 224; 2 Kent, Comm. 437–439; *Noble* v. *Smith*, 2 John. R. 52; *Pearson* v. *Pearson*, 7 Ib. 26; *Grangiac* v. *Arden*, 10 Ib. 293; *Cook* v. *Hasted*, 12 Ib. 180; *Fink* v. *Cox*, 18 Ib. 145; *Pleasants* v. *Pendleton*, 6 Rand. 473; *Ewing* v. *Ewing*, 2 Leigh, 337; *Elam* v. *Keen*, 4 Ib. 333; *Picot* v. *Saunderson*, 1 Dev. N. C. R. 309.

In our own supreme court the subject has been decided, and in accordance with the principle last stated, as we think. The first case reported is in 2 Howard, but as the case of *Marshall* v. *Fulgham*, reported in 4 Howard, 216, and decided by his Honor Justice Smith, was the first decided case, and is approved and quoted in the case in 2 Howard, we refer to it first, and especially to the conclusion of the opinion: "If the gift does not take effect by the immediate delivery of possession, it is then not a gift but a contract," quoting 2 Black. Com. 442.

The case of *Thompson* v. *Thompson et al.*, 2 Howard, 737, is a much stronger case for plaintiff in error, and was decided by his honor the present chief justice. It was a bill filed between the parties to a gift by writing, (where a part of the negroes were actually delivered, and part not,) to set aside the gift. The court then held, that the gift was complete as to the negroes delivered. "The delivery alone, and not the writing, vested title." But the writing "cannot have any validity in regard to those that were retained during the life of the donor. Even if it had been a deed, it would fall within the rule already established by this court in the case of *Marshall* v. *Fulgham*. It could only be regarded as a contract, and as such could not be enforced."

The case of *Falconer* v. *Holland*, 5 S. & M. 689, cited by counsel for defendant in error, does not conflict with the cases previously decided, but belongs to another class of cases, viz. where property is delivered by a parent to a child on marriage, the law in such cases presumes a gift in consideration of marriage, unless there is evidence to the contrary.

The last case decided on this subject by this court, is the case of *Carradine* v. *Collins*, 7 S. & M. 428, in which the court

refers to the cases in 2 & 4 Howard, and approves the principle there established.

We think, from a review of the cases, it will be found consistent with precedent, and in accordance with sound policy, to hold, at least in cases of a verbal gift, that it shall be evidenced by actual formal delivery of possession, accompanied with some evidence of an intention thus to perfect the gift.

*Goodwin,* for defendant in error.

There is no error in the record in this case.

1. It is a general rule, that the delivery of negroes or other chattel by a parent to a child on marriage, or even after marriage, will constitute in law a gift, or an advancement in consideration of marriage. Permitting a negro to go home with a child after marriage, amounts to the same thing. The law presumes, in consideration of the relationship, a gift was intended. *Falconer* v. *Holland,* 5 S. & M. 689; *Johnston & Henderson* v. *Dillard,* 1 Bay's R. 232; *Arvaunt and Wife* v. *Sweet,* 2 Ib. 528; *Moore's Adm'rs* v. *Dawney,* 3 Hen. & Mun. 127; *Torrence* v. *Graham,* 1 Dev. & Bat. 284; *Old* v. *Powell,* 7 Ala. R. 652; 10 John. R. 293.

2. It is insisted that, the verdict being for $650, and the damages laid in the declaration at only the sum of $500, this is error.

In actions for torts perhaps this would be true, but in an action of detinue, the principal, if true, has no application.

The girl Sarah was assessed at $500, the value laid in the declaration; the damages in the declaration, for the detention of the girl, are laid at $500; the jury assessed the damages at $150. Therefore, the principle contended for, if true, can have no application, because the facts upon which it is to act, do not exist in this case.

Again, this cause is not made a ground for a new trial, and only making its appearance in the court above, will be disregarded. And, moreover, the judgment is in the alternative, that the plaintiff recover the negro if to be had; if not, then $500 her value, and the damages for the detention. 1 Chitty, 142. The action of detinue is classed as an action

*ex contractu,* and is in the nature of an action of debt, in which the damages are never laid at a sum sufficient to cover both debt and interest. 1 Chitty, 138; 2 Reeves' Hist. E. L. 251, 333, 336; 3 Ib. 66, 74.

3. The note of Mrs. Gibbons, offered in evidence by the plaintiff in error, was properly excluded by the court.

1. Because she was then a *feme covert,* and incompetent to make such a contract.

2. There was no proof that her husband was present, or knew any thing about the making of any such contract, by his wife.

3. It only amounted to a declaration of the wife, and incompetent as against the husband, or her heirs in any suit to recover the property.

4. It could not explain the intention of the father, or alter the rights of the husband; for, if the wife had died without issue, the negro would have descended to him.

5. It may be, and the circumstances justify the inference, that it was made for the purpose of defeating the grandchild of any right to the negro, at a time when it was not creditable for a father to obtain such a paper; for the whole Parr family were introduced and examined as witnesses, and strange as it may seem, none of them ever heard of the note before it made its appearance in court.

6. The finding of the jury is fully sustained by the testimony in the cause. New trials are always within the discretion of the court, and are never granted unless palpable injustice has been done, which is not the case in this instance.

The defendant's counsel, therefore, submits that there is no error in the record and proceedings in the court below, and that the judgment must be affirmed with damages.

Mr. Justice CLAYTON delivered the opinion of the court.

If this case rested alone upon the testimony which was submitted to the jury, we should not disturb their verdict. But a note of the late Mrs. Emmons, under whom the plaintiff as her child and heir claims, was offered in evidence by the defendant, and rejected by the court. To this an exception

was filed. The note purported upon its face to be given for the hire of Sarah, the negro girl in controversy, for the year 1845.

The point involved in the suit is, whether there was a gift of the slave by the plaintiff in error to his daughter, or only a loan. If it were a gift, the slave became the separate property of Mrs. Emmons, exempt from any claim on the part of her husband. Her act at the time the slave was placed in her possession, or before or afterwards, would certainly be evidence to show and explain the nature of her title. In this instance the note given for the hire, had no binding effect upon her as a contract, yet it was evidence to show her understanding of the transaction. It is not a conveyance of any right which she had; if it were, the statute must be pursued. It is simply evidence furnished by the principal party concerned, as to the character of the title and possession which she had. Its admission would not violate the policy of the rule which excludes husband and wife from being witnesses for or against each other. Were she living, and were the suit brought in the joint name of herself and husband, as would then have to be the case, the paper would be evidence against her, as a party to the record. The present plaintiff stands in her place, and it must be equally admissible against him. Where a wife acts as the agent of her husband, her acts and declarations are evidence against him. 1 Phil. Ev. 85 *et seq.* The testimony offered in this cause, stands upon ground equally high and firm.

We think, therefore, its exclusion was error, for which the judgment must be reversed, and a new trial awarded.

Judgment reversed, and cause remanded.